UNITED STATES DISTRICT COURT

for

**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

FILED BY _____ D.C.

05 MAY 13 PM 4: 29

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

U.S.A. vs. **VALERIE L. ALBONETTI**                    Docket No. **2:03CR20047-01**

### Petition on Probation and Supervised Release

**COMES NOW   FREDDIE MCMASTER II   PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Valerie L. Albonetti who was placed on supervision by the Honorable Samuel H. Mays, Jr. sitting in the Court at Memphis, TN on the 9th day of January, 2004 who fixed the period of supervision at two (2) years*, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

The defendant shall participate as directed in a program of mental health treatment approved by the probation officer.

*In the instant offense, Probation began January 9, 2004, but was revoked August 19, 2004, with a Sentence of thirty (30) days imprisonment and a one (1) year term of Supervised Release, which began September 14, 2004, with the following condition added to the previously imposed conditions:

**The defendant shall serve six (6) months community confinement (102 days unserved).**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(PLEASE SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** a Warrant be issued for Ms. Albonetti to appear before the Honorable Samuel H. Mays, Jr. to answer charges of violation of Supervised Release.

**Bond:** _____

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 13th day of May, 2005 and ordered filed and made a part of the records in the above case. | Executed on  May 13, 2005 |
| _____ United States District Judge | _____ U.S. Probation Officer |
| | Place:   Memphis, Tennessee |

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On April 7, 2005, Ms. Albonetti was arrested and charged by the Horn Lake Police (MS) for Possession of Drug Paraphernalia. On April 21, 2005, she failed to appear for court in Horn Lake. On May 10, 2005, in Horn Lake City Court she was found guilty of Possession of Drug Paraphernalia and Contempt of Court with a sentence of thirty (30) days in jail with sixteen (16) days suspended and fourteen (14) days credit, a $620.00 fine, and license revoked for six (6) months.

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Ms. Albonetti used and/or possessed a controlled substance as evidenced by positive drug screens on February 1, 2005, for cocaine, April 6, 2005, for cocaine and marijuana and April 13 and 21, 2005, for cocaine.

**The defendant shall not leave the judicial district without the permission of the court or probation officer.**

Ms. Albonetti traveled out of the Western District of Tennessee without permission as evidenced by her arrest for Possession of Drug Paraphernalia on April 7, 2005, by the Horn Lake (MS) Police.

**The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.**

Ms. Albonetti failed to notify this officer as required within seventy-two (72) hours of being arrested on April 7, 2005.

# VIOLATION WORKSHEET

1. Defendant __Valerie Albonetti__

2. Docket Number (Year-Sequence-Defendant No.) __2:03CR20047-001__

3. District/Office __Western District of Tennessee (Memphis)__

4. Original Sentence Date __01__ / __09__ / __04__
                        month   day   year

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **New criminal conduct: Possession of Drug Parphernalia** | C |
| **Possession/usage of a controlled substance: cocaine & marijuana** | C |
| **Leaving district without permission** | C |
| **Failure to report arrest within 72 hours** | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — C

9. Criminal History Category (see §7B1.4(a))74 — I

10. Range of imprisonment (see §7B1.4(a)) — | 3-9 months* |

*Being originally convicted of a Class D felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   {X} (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { } (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____                Community Confinement _____102 days_____

Fine ($) _____N/A_____                         Home Detention _____N/A_____

Other _____N/A_____                           Intermittent Confinement _____N/A_____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15. **Official Detention Adjustment {see §7B1.3(e)}:** months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**UNITED STATES GOVERNMENT**
Memorandum

| | |
|---|---|
| **DATE:** | May 13, 2005 |
| **REPLY TO ATTN OF:** | Freddie McMaster II, USPO |
| **SUBJECT:** | **ALBONETTI, Valerie L.**<br>**Docket No.: 2:03CR20047-001**<br>**CONFIDENTIAL MEMORANDUM** |
| **TO:** | Honorable Samuel H. Mays, Jr.<br>United States District Judge |

Ms. Albonetti has failed to comply with the conditions set forth by the Court following a previous revocation hearing on August 19, 2004. A subsequent petition to revoke supervision was filed with the Court on January 14, 2005. On February 2, 2005, she was released on recognizance following her initial appearance. She is currently in federal custody on a bond violation warrant issued by the Court on April 26, 2005.

Even though Ms. Albonetti was aware of being in violation status, she persisted in using controlled substances (the basis for her first violation hearing), left the area without permission and engaged in new criminal conduct, and did not report being arrested. It should be noted Ms. Albonetti has not satisfied 102 days of community confinement which originated from the previous revocation hearing.

The instant offense for which Ms. Albonetti is under Federal Supervision (Class D felony of Theft of Mail by Postal Employee) allows for a statutory maximum amount of imprisonment upon revocation of Supervised Release of twenty-four (24) months (18 U.S.C. §3583(e)(3)). With a Criminal History Category of I and Grade C violations, Chapter Seven of the Sentencing Guidelines suggests a range of three (3) to nine (9) months imprisonment. Under §7B1.3(c)(1) of the Guidelines, sentencing options exist for the Court in this matter. These options consist of either: (1) a term of imprisonment or (2) imprisonment and a term of Supervised Release with a special condition which substitutes a halfway house or home detention period for any portion of the minimum term. This officer respectfully requests a sentence of 102 days incarceration with no term of Supervised Release to follow.

FLM:gp

## **BOND RECOMMENDATION**

Ms. Albonetti has had a previous term of Probation revoked due to drug usage/possession and has a documented history of poly-substance abuse. She was under bond conditions and facing a second revocation when she engaged in drug-related criminal conduct. On April 21, 2005, she failed to appear in Horn Lake (MS) City Court for a scheduled court hearing on this conduct and a warrant was issued. Given these factors, it is requested Ms. Albonetti be held without bond, pending disposition of the revocation matter, as it appears she poses both a flight risk and a danger to the community and that no condition or combination of conditions will ensure her compliance with bond or supervised release requirements, namely to refrain from the usage/possession of a controlled substance.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 83 in case 2:03-CR-20047 was distributed by fax, mail, or direct printing on May 18, 2005 to the parties listed.

---

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Valeria Rae Oliver
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT